HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAMUEL B. MATTHEWS,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE et al.,<br><br>Defendants. | CONSOLIDATED<br><br>CASE NO. 14-1478 RAJ<br><br>ORDER |

**I.     INTRODUCTION**

This matter comes before the court on defendant Bank of America's ("BANA") motion to dismiss (Dkt. # 18), the motion of defendants, Nationstar Mortgage LLC ("Nationstar"), Mortgage Electronic Registration Systems, Inc. ("MERS") and Fannie Mae for summary judgment (Dkt. # 19) and plaintiff's third motion to amend the complaint. Dkt. #33.

For the reasons stated below, defendants' motions are GRANTED and plaintiff's motion is DENIED.

## II. BACKGROUND

In 1983, Plaintiff Samuel B. Matthews and his wife, Sandra L. Hixson-Matthews, received title to the subject real property (the "Property") by Statutory Warranty Deed. (Warranty Deed) Dkt. # 22, p. 5.[1] The Property is commonly known as 24818 Maple Valley Black Diamond Road S.E., Maple Valley, King County, Washington 98038. (DOT) *Id.*, p. 8. Subsequently, Mrs. Matthews quit-claimed her interest in the Property to Mr. Matthews. (Quitclaim deed) *Id.*, p. 26.

On March 16, 2004, Mr. Matthews entered a loan with Eagle Home Mortgage, Inc. ("Eagle") secured by the Property (the "Loan"). He executed a Promissory Note to Eagle on that date in the principal amount of $217,500.00 (the "Note"). (Compl.) CDkt. # 9-4, ¶ 11.[2] The Note was indorsed by Eagle, payable to the order of Countrywide Bank, N.A. It was then indorsed by Countrywide Bank, N.A., to the order of Countrywide Home Loans Inc. That entity then indorsed the Note in blank. CDkt. # 9-2, p. 4. In 2004 or 2005, the Loan was sold to Fannie Mae and securitized. CDkt. ## 9-4, ¶17-25; 9-2, pp. 43-44.

Mr. Matthews also executed a Deed of Trust to the Property to MERS "solely as a nominee for Lender and Lender's successor and assigns," identifying Eagle as the Lender, dated March 16, 2004 (the "Deed of Trust"). (DOT) Dkt. # 22, p. 10. For a period of time before May 1, 2013, Defendant BANA serviced Mr. Matthews' Loan. Effective May 1, 2013, Nationstar started servicing the Loan. Nationstar currently holds the blank-indorsed Note. (Loll Decl.) Dkt. # 20, ¶¶6-7, Ex. A.

---

[1] The court takes judicial notice of the public records attached to defendants' RJN at Dkt. # 22.

[2] Although directed by the court to file his amended complaint under Case No. 14-1478, plaintiff failed to do so. *See* Case No. 15-01-MJP (Order) Dkt. # 17. Because plaintiff is proceeding *pro se*, the court will grant him leeway and consider his proposed amended complaint in Consolidated Case No. 15-01-MJP (Compl.) CDkt. # 9-4 as well as the complaint at Dkt. # 1 in Case No. 14-1478. The court will refer to documents in Case No. 15-01-MJP using the notation "CDkt."

ORDER- 2

On February 20, 2012, MERS assigned its record nominee interest in the Deed of Trust to BANA. That Assignment was recorded on February 23, 2012. CDkt. # 9-2, pp. 13-14. On May 9, 2013, BANA assigned its interest to Nationstar. That Assignment was recorded on July 19, 2013. CDkt. # 9-2, pp. 15-16.

Nationstar contends that Mr. Matthews failed to make the Loan payment due on May 1, 2010, and has made no payments since that date. (Loll Decl.) Dkt. # 20, ¶8. On December 19, 2013, Nationstar appointed Bishop, Marshall & Weibel, P.S. ("Bishop"), as Successor Trustee of the Deed of Trust. CDkt. # 9-2, pp. 5-6. At Nationstar's direction, Bishop commenced nonjudicial foreclosure proceedings. Subsequently, Nationstar chose to stay the proceedings. (Loll Decl.) Dkt. # 20, ¶8.

On July 29, 2014, Mr. and Mrs. Matthews sent correspondence to Nationstar titled "Qualified Written Request-Information Request." (QWR) Dkt. 10-3. On August 25, 2014, Nationstar responded to the self-styled QWR by correspondence to Plaintiff's former counsel. (Response to QWR) Dkt. # 10-4.

No foreclosure sale is currently pending. (Loll Decl.) Dkt. # 20, ¶8.

**III. ANALYSIS**

    a. <u>Plaintiff's Motion to Amend Complaint</u>

As a preliminary matter, the court must address plaintiff's third motion to amend the complaint. Dkt. # 33. Although permission to amend is often freely granted, the court has discretion to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant. *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991).

In the Ninth Circuit, the fact that a summary judgment motion has been fully briefed "weighs heavily against allowing leave [to amend]." *Schlacter-Jones*, 936 F.2d at 443. Specifically, an amendment motion "is not a vehicle to circumvent summary judgment." *Id.* (citing *M/V American Queen v. San Diego Marine Constr. Corp.*, 708 F.

2d 1483, 1492 (9th Cir. 1983) and *Glesenkamp v. Nationwide Mut. Ins. Co.*, 71 F.R.D. 1, 3 (N.D. Cal. 1974), *aff'd.*, 540 F.2d 458 (9th Cir. 1976) (per curiam)).

Here, Mr. Matthews has filed two different complaints, moved three times to amend, failed to timely amend when leave was granted, and waited until (1) two dispositive motions had been fully briefed and were pending for four months, (2) the amendment deadline passed, and (3) the discovery cutoff was imminent, before moving for a third time to amend. These facts demonstrate undue delay.

Additionally, amendment will prejudice the defendants. The foreclosure proceedings have been stayed nearly 16 months while this case has been pending, without any payment by Mr. Matthews on his mortgage. Further, all defendants have fully briefed summary judgment and dismissal motions.

Finally, the court has reviewed the proposed third amended complaint and finds that amendment would be futile because the new factual allegations are insufficient, as a matter of law, to withstand summary judgment. *See Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003).

Accordingly, plaintiff's motion for leave to amend is DENIED. The complaints at Dkt. # 1 and CDkt. # 9-4 remain the operative complaints in this matter.[3]

      b. <u>Nationstar, MERS, and Fannie Mae's Motion for Summary Judgment</u>

       *i. Legal Standard*

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively

---

[3] Dkt. # 1 relates to Lead Case No. 14-1478-RAJ and CDkt. # 9-4 relates to Consolidated Case No. 15-01-MJP. *See* (Orders) CDkt. ## 17, 18.

demonstrate that no reasonable trier of fact could find other than for the moving party. *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

However, the court need not, and will not, "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also, White v. McDonnel-Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim"). The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. V. Pac Elec. Contractors Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987).

### ii. *Plaintiff Has Failed to Show a Genuine Issue of Fact for Trial*

Plaintiff's complaints appear to allege claims for: (1) breach of contract, (2) slander of title, (3) declaratory relief, (4) to quiet title, (5) for violation of the Federal Debt Collection Practices Act ("FDCPA") and (6) for violation of the Real Estate Settlement Procedures Act ("RESPA"). (Compl.) CDkt. # 9-4. Defendants have successfully shown that there is an absence of evidence to support any of these claims.

*Celotex Corp.*, 477 U.S. at 325. Thus, to defeat the motion, Mr. Matthews must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. He has failed to meet that burden.

With respect to his breach of contract claim, Mr. Matthews alleges that Eagle Home Mortgage (the orginial lender) and MERS breached the Deed of Trust by failing to "release the beneficial security interest (personal property)" after receiving "payment for [all] sums represented by the Matthews Note." (Compl.) CDkt. # 9-4. Defendants have submitted evidence, however, that Mr. Matthews never paid the sum due under his Note. (Loll Decl.) Dkt. # 20, ¶8. In response, plaintiff has failed to submit a declaration or any documentary evidence to the contrary. (Response) Dkt. #28. Accordingly, summary judgment is appropriate as to this claim.

With respect to his claims for slander of title, to quiet title and for declaratory relief, Mr. Matthews appears to allege that the assignments described above were ineffective to transfer any interest in his Loan, that Nationstar had no authority to appoint Bishop as a successor trustee, and that securitization of his Loan somehow destroyed his contractual payment obligations. (Compl). CDkt. # 9-4, ¶¶ 16-25. Again, defendants have submitted evidence that demonstrates an ongoing interest in the loan, that all of the assignments were valid and that Nationstar (as the note holder) did indeed have the authority to appoint a successor trustee. CDkt. # 9-2, p. 4-6, 13-16; (Loll Decl.) Dkt. # 20, ¶8. In response, plaintiff merely states that there is a "dispute of material fact as to who actually owns the plaintiff's deed of trust and note." (Response) Dkt. # 28, p. 3.

These claims fail as a matter of law. As the Washington Supreme Court recently explained, separation of note ownership from the note holder is commonplace. *Brown v. Wash. State Dep't of Commerce*, 184 Wash. 2d 509, 523 (2015) ("Freddie Mac owns Brown's note. At the same time, a servicer, M & T Bank, holds the note and is entitled to enforce it."). The note owner is entitled to the ultimate economic benefit of payments on the note. *Id.* at 523. Thus, monthly payments on the note and/or the proceeds of a

foreclosure sale flow to the note owner. The note holder, however, is the beneficiary and the entity with legal authority to enforce the obligation, foreclose, negotiate modifications, etc. *Id.* at 527 ("[T]he borrower owes and discharges his or her obligation to the [person entitled to enforce it]. The [person entitled to enforce the note] enforces and modifies the note."); *id.* at 537-543 (finding that borrowers have no need to investigate note ownership because only holder status is relevant).

Here, defendants have demonstrated that Nationstar was the note holder and Fannie Mae was the note owner. (Loll Decl.) Dkt. # 20, ¶¶ 6-7, Ex. A.; CDkt. 9-2, pp. 43-44. Plaintiff has submitted no evidence to the contrary. Further, the mere identification of MERS as a beneficiary on the deed of trust does not demonstrate actionable injury. *See Zalac v. CTX Mortg. Corp.*, -- F. App'x --, 2016 WL 146006, at *1 (9th Cir. 2016) ("[A]lthough MERS was named as the initial beneficiary in the deed of trust, it had no connection to the foreclosure proceedings and can thus play no role in the causation of [plaintiff's] purported damages."); s*ee also Wilson v. Bank of Am.*, 2013 WL 275018 at *8 (W.D. Wash. Jan. 23, 2013) ("Even if MERS were a sham beneficiary, [plaintiffs' lender] would still be entitled to repayment of the loans and would be [a] proper part[y] to initiate foreclosure after the plaintiffs defaulted on their loans."). Accordingly, summary judgment in favor of defendants is appropriate as to these claims.

With respect to plaintiff's remaining claims under the FDCPA and RESPA, defendants have demonstrated that there is an absence of evidence to support these claims as well. *See* (Mot.) Dkt. # 190, pp. 16-21; (Response to QWR) Dkt. # 10-4. In response, plaintiff again fails to submit any contrary evidence. (Response) Dkt. # 28. Accordingly, defendants are entitled to summary judgment.

    c. <u>BANA's Motion to Dismiss</u>

        i. Legal Standard

A complaint may be dismissed for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See*

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  With respect to plaintiff's pleading burden, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, *555* (2007) (internal citations omitted, alteration in original); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (holding that to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

Additionally, Federal Rule of Civil Procedure 8 requires a plaintiff to include a short and plain statement of the elements of his claim, "identifying the transaction or occurrence giving rise to the claim and the elements of a prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).  Accordingly, plaintiff must set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Penne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996).

> ii.  *Plaintiff has Failed to Allege a Cognizable Legal Theory*

Plaintiff's allegations with respect to BANA are vague, confusing and difficult to decipher.  To the extent Mr. Matthews attempts to state a claim against BANA for any of the aforementioned conduct, the court dismisses those claims for the reasons stated above.[4]  The court further finds that plaintiff has failed to specifically allege any

---

[4] Indeed, it appears that BANA has addressed those claims in its motion to dismiss even though none of the claims appear to be directed at BANA. *See generally* Dkt. # 18.

wrongdoing by BANA and failed to include any factual detail in support of his claims. Accordingly, plaintiff's claims against BANA are dismissed for failure to comply with Rule 8 and Rule 12(b)(6).

### IV. CONCLUSION

For the foregoing reasons, plaintiff's motion to amend (Dkt. # 33) is DENIED; the motion of defendants Nationstar, MERS and Fannie Mae for summary judgment (Dkt. # 19) is GRANTED; and BANA'S motion to dismiss (Dkt. # 18) is GRANTED. The clerk is directed to enter judgment in favor of defendants and against plaintiff.

Dated this 7th day of March, 2016.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court